## L. L CONNERLY v. LINCOLN COUNTY.

[55 South. 963.]

1. JUSTICE OF THE PEACE. *Fees. Code* 1906, *section* 2182, *paragraph V.*

Under paragraph V, section 2182, Code 1906, providing that justice of the peace shall receive "for services as conservators of the peace and for examination of cases of persons charged with felony, to be paid out of the county treasury on the allowance of the board of supervisors, on a detailed fee-bill in each case, annually a sum not exceeding fifty dollars." *Held,* that a justice of the peace cannot charge a lump sum for services as conservator of the peace and can only recover for the fees actually earned, as shown by a detailed fee-bill, and each item charged in such detailed fee-bill must be specifically authorized by some statute.

2. SAME.

Under this statute a justice of the peace can never recover more than fifty dollars in any one year and his fees may amount to much less.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by L. L. Connerly against Lincoln county for the allowance of a claim for fees, etc. From a judgment of the circuit court, affirming the order of the board of supervisors disallowing the claim, he appeals.

The facts are stated in the opinion of the court.

*M. McCullough,* for appellant.

Appellant here contends that this justice of the peace in a rural district of the county is entitled under our law to an annual fee of fifty dollars to be allowed out of the county treasury by the board of supervisors whether he presents an itemized fee-bill for so much or not. Section 2182 (V), reads as follows:

"For services as conservators of the peace, and for examination of cases of persons charged with felony, to

be paid out of the county treasury on the allowance of the board of supervisors, on a detailed fee-bill in each case, annually, a sum not exceeding $50.00.''

We here contend that the law allows pay for two distinct kinds of services although the duties are closely related. The justice of the peace fills two offices, the duties of which by our statute devolve on one officer. The justice of the peace acts as conservator of the peace and as justice of the peace. I contend that the above section providing for his annual allowance by the county board of supervisors authorizes its payment even though his "itemized" fee-bills do not amount to fifty dollars for the reason that the Code section authorizes his pay for two kinds of service. First, the board must pay him as conservator of the peace'' and secondly as justice of the peace on fee-bills in felony cases. For the second class of cases he cannot be paid for more than the amount of his itemized fee-bills. But the word conservator in the section quoted above means something in this connection. The section recognizes that he gets pay for two kinds of service. It is by our statute that the justice of the peace investigates any felony case, and so that investigation is made under his authority as a justice. Take away our statute giving him the power to investigate felonies and under our law he has no such power derived from the common law.

Following out the old common law principle relative to the high office of conservator of the peace, which was once considered an office of far greater dignity and honor than it is considered to-day, our state embodied in its Constitution of 1890 the following section:

"Section 167. All civil officers shall be conservators of the peace and shall be by law vested with ample power as such.''

I find that this same provision was in former state Constitutions. Under this constitutional provision I maintain that every justice of the peace, being a civil offi-

cer, is vested with all the common law powers and also all statutory powers as conservators of the peace.

By the English Act of Edward III it was directed that certain persons be appointed in each county as conservators of the peace, whose duty should be "for the better keeping and maintenance of the peace," and such persons "shall be assigned to keep the peace." Until 1344 the conservators of the peace simply had power to keep the peace, but by the Act of Edward III these conservators of the peace were given their first judicial powers. By that act these conservators of the peace, later called "justices of the peace" were authorized to try cases and punish certain criminals. As originally constituted these "wardens" of peace had only ministerial criminal powers and their civil powers were purely statutory. For authorities as to the history of this matter, see 18 Am. & Eng. Ency. Law (2d Ed.), pp. 8 and 9; 6th Chitty's Statutes (5th Ed.); *Schrouder* v. *Ehlers,* 31 N. J. L. 44.

The intent and meaning of our state Constitution, as quoted above, is that all the ancient and common law powers of conservators of the peace be maintained to this day.

In the 24th volume of "Cyc." p. 417, is found the following paragraph with numerous citations:

"The functions of justices as conservators of the peace have been universally retained under the Constitutions and statutes of the states of the Union. As conservators of the peace, justices have the power to arrest and commit offenders, or insane persons, require bonds to keep the peace and be of good behavior, appoint special constables, order the delivery of stolen property to its owner, prohibit or disperse public meetings, and order the removal of disorderly persons from such meetings."

It may be argued that all the powers and duties of justices as conservators of the peace are comprehended in sections 1535, 1534, 1536, 1537 and 1538 of the Code

of 1906. I do not hold to that contention, but maintain that these Code sections constitute only a few of the *many* duties of conservators of the peace. These sections outline conservator's duties in hearing cases of persons actually charged with felonies, giving them general powers of issuing process for witnesses, taking bonds for appearance as circuit courts, for fixing the amounts of bonds, and such like. They are statutory powers conferred on justices of the peace, and they have nothing to do with the broad powers exercised by conservators of the peace under either the common law or under our Constitution. Just because these Code sections outline some of the duties of justices in certain kinds of cases, it does not at all follow that they contain the entire law on the subject of the powers and duties of conservators of the peace.

It is one thing to exercise powers that are given by an express statutory enactment, and it is quite another thing to be a conservator of the peace "vested with ample powers as such," under the express reading of the state Constitution.

Now it is my contention that the evident purpose of section 2182 (V), of the Code, is two-fold: (1) to authorize the board of county supervisors to compensate the officers for services as conservators of the peace, and (2) to compensate them for investigations of cases of felony where an affidavit was actually made and the person arraigned on a charge or affidavit.

This section, I think, authorizes the board to pay the conservators for service that was never intended to be tried or heard as a case where an actual affidavit charging crime was pending. Your justice of the peace is expected to preserve the peace in his district as well as to try and punish infractions of the peace. If the conservator is present when two citizens become involved in a difficulty and a breach of the peace or a disturbance of the peace is eminent, or even likely to occur, it is the

solemn duty of the conservator of the peace to inter-
fere and preserve good order. In this way he promotes
peace in the community and thus does good and valuable
service for which there can be no case tried, or "item-
ized fee-bill" rendered. To illustrate, suppose at some
public gathering citizens are engaged in a difficulty or
a general row obtains, it is here that the faithful con-
servator of the peace steps in and arrests the offenders
or breachers of the peace and either sends them away
to jail or places them under bonds (if bonds can be
given), and for this good service to the community, no
provision is made in the Code for fees for service, until
after an affidavit has been made. In other words this
valuable officer performs good service in cases just like
the above illustration, and there is absolutely no ex-
press provision in the Code for making out a "fee-bill"
to cover the cost for the service, unless I am right in my
contention that section 2182 (V) provides for payment
for such service. Carry on the illustration of a supposed
row or disturbance at some public gathering in the con-
servator's district; and it becomes necessary for the con-
servator to call other citizens and specially deputize them
to help him preserve the peace. Suppose by this act he
succeeds in quelling the supposed riot or disturbance,
can it be argued that there is no provision for reasonable
compensation for such service. Of course, if some one
commits a felony and an affidavit is lodged against him,
and the conservator investigates a real charge, then it
is admitted that he can present to the board his itemized
fee-bill and the law authorizes pay not to exceed fifty
dollars annually. But what about compensation for
his bringing about and preserving the peace and quell-
ing the supposed disturbance. If the view that no pay
should be given for this service is adopted, then the law
encourages the justice or conservator to wink at the com-
ing or impending disturbance and avoid preventing
same so that an open, positive crime may be committed

so that he can get a "case" to try and thereby make his fees. Your law does not provide for pay for his making arrests at public gatherings or elsewhere, nor does it pay him for using his authority to appoint other persons when necessary as special deputies to assist him in maintaining or restoring peace and good order. Now, suppose the conservator thinks it necessary to protect the state by compelling witnesses to enter bonds for their appearance on the day of hearing these disturbers of the peace, which I have presumed to occur occasionally, then you have no law to pay him for valuable service unless by contention is the correct one about the construction to be placed on section 2182 (V).

My contention is that the code section quoted allows to Mr. Connerly fifty dollars a year for each of the years 1908 and 1909. The law allows annually fifty dollars, and no more, for the two kinds of service rendered. Justice Connerly heard one or more cases charged with felonies for each of the years 1908 and 1909, and on these he presented fee-bills itemized and the totals of such bills were paid, but for these two years there is till due him a balance, as conservator and justice, of seventy-seven dollars and sixty cents.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

A complete answer to the contention of appellant here is found in section 2182-v, Code of 1906. It will be observed that the statute gives a justice of the peace fees for examination of persons charged with felony, payable on an itemized fee-bill in each case a sum not exceeding fifty dollars in any one year. This could mean nothing else than that he must earn whatever part of this fifty dollars he receives. There can be no other reasonable interpretation of the statute. The legislature would not have used the words "not exceeding fifty dollars to be paid on itemized fee-bill," etc., if it meant to give him

the whole fifty dollars whether he rendered any services or not. It fixes the maximum here at fifty dollars, but requires him to earn his compensation within that limit and make an itemized statement to the board before he receives his pay so that the board may know exactly how much he has earned.

It is too plain for argument that the court acted properly in declining to allow this appellant fees which he had not earned. He got what he was entitled to. The judgment should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant, Connerly, a justice of the peace of Lincoln county, presented his claim to the board of supervitors of that county for thirty-eight dollars for the year 1908, and thirty-nine dollars and sixty cents for the year 1909, making a total of seventy-seven dollars and sixty cents, for services as conservator of the peace for those years, which he contends he was entitled to under the provisions of paragraph "v," section 2182, Code 1906. The board rejected his claim, from which order he appealed to the circuit court, where there was a judgment affirming the order of the board, from which he appeals to this court.

Paragraph "v" of section 2182 is as follows: "For services as conservators of the peace, and for examination of cases of persons charged with felony, to be paid out of the county treasury on the allowance of the board of supervisors, on a detailed fee-bill in each case, annually, a sum not exceeding fifty dollars." For appellant's services in the examination of felony cases, the board, on a detailed fee bill, in each case allowed him twelve dollars for the year 1908, and ten dollars and forty cents for the year 1909. His contention is that for his services as conservator of the peace he was entitled for each of said years, without the rendition of any itemized fee-bill, to an additional amount sufficient to

make his compensation fifty dollars a year; in other words, that the correct construction of paragraph "v," section 2182, is that justices of the peace, for their services as conservators of the peace and in the examination of cases of felony, are entitled to fifty dollars a year, whether their fees allowed by statute for such services amount to that or not. In determining what is meant by the language, "for services as conservator of the peace," it will be well to bear in mind that a justice of the peace may take an affidavit charging felony, and for reasons satisfactory to himself require a bond of the defendant for his appearance and examination before some other justice of the peace, and in such a case issue subpoenas for the witnesses; and in doing so he would be acting strictly as a conservator of the peace, and not in the examination of cases of felony. Perhaps there are other duties imposed by law on justices of the peace in their capacity as conservators of the peace touching charges of felony, for which they would not be entitled to make the defendant pay their fees. In all such cases they are entitled, under this statute, to an allowance of their fees and for services in the examination of felonies, on the rendition by them to the board of a detailed fee-bill therefor, provided the amount of such fees may not exceed the sum of fifty dollars in any one year; and each item charged in such detailed fee-bill must be specifically authorized by some statute. If such fees, so itemized, do not amount to fifty dollars in any one year, the board is only authorized to allow the actual fees earned. They, therefore, can never exceed fifty dollars in any one year, and may amount to much less. There is no authority under this statute for charging a lump sum for services as conservator of the peace. The language, "on a detailed fee-bill," qualifies both the first and second clauses of the statute.    *Affirmed.*