## Arnold *v.* State.*

### (Division B. March 5, 1928.)

#### [115 So. 885. No. 27019.]

1. Criminal Law. *On appeal involving justice's disqualification, agreement not introduced in justice or circuit court and not made part of record cannot be considered; to be considered on appeal, matters relating to justice's disqualification must be presented in justice court when such question is raised therein.*
   In an appeal from a justice of the peace court to the circuit court, and from the circuit court to the supreme court, involving questions of the disqualification of the justice of the peace, an agreement not introduced in the said courts below, and not made a part of the record by agreement, but merely agreed to as a fact, cannot be considered on appeal here. Such questions must be

presented to the justice of the peace court when the question is raised in that court.

2. CONSTITUTIONAL LAW. *Trial anew in circuit court on appeal from justice who overruled challenge to jurisdiction gives due process of law and fair trial.*

Where a party challenged the jurisdiction of a justice of the peace on the ground of interest growing out of the costs to be taxed, and such challenge is overruled in that court, and the cause appealed to the circuit court, and there tried anew on the merits (the judgment of the justice of the peace court having no influence there), gives the defendant due process of law and that fair trial to which he is entitled under the law.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1239, n. 81; Criminal Law, 16CJ, p. 380, n. 18; 17CJ, p. 207, n. 50.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Oscar Arnold was convicted of selling intoxicating liquors, and he appeals. Affirmed.

*Geo. T.* and *Chas. S. Mitchell,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J. Oscar Arnold was convicted, in a justice of the peace court, on a charge of selling intoxicating liquor. He was also, for the same offense, tried in the city court of Tupelo, and convicted. The appellant filed a special plea to the jurisdiction of the justice of the peace court which reads as follows:

"(1) That said court is without jurisdiction to proceed in this matter.

"(2) That to proceed further in this matter would deprive defendant of his liberty, or might deprive said defendant of his liberty without due process of law, in violation of article 14 of the Constitution of the United States of America.

"(3)   That said court should not proceed further in said matter because said court is without jurisdiction.

"(4)   That said court should not proceed further in said matter because to proceed would be unconstitutional, in that same would violate sections 14, 15, and 24 of the Constitution of the state of Mississippi.

"(5)   That said court is not a legally constituted court for judicial purposes as required by the Constitution and laws of the state of Mississippi and the Constitution of the United States of America.

"(6)   That said court has no judicial authority in said matter, as said court is not a disinterested and impartial court as required by the laws of the state of Mississippi and the laws of the United States of America."

This plea to dismiss on the ground of jurisdiction was overruled by the justice of the peace, and the defendant, by an appeal bond which acted as a *supersedeas,* appealed to the circuit court, where he was tried *de novo,* convicted, and sentenced, from which he prosecutes an appeal to this court.

Subsequent to the sending of the record to this court, an agreement was filed by the appellant, and signed by the district attorney and the attorney for the defendant, in which it was agreed that at the time of the trial in the justice of the peace's court and in the mayor's court there had accrued to the said justice of the peace and the said mayor of the city of Tupelo costs in the sum of sixty dollars, or more, in cases wherein the city and state had failed. This agreement is dated November 22, 1927, being the term at which the appellant was tried in the circuit court. But the agreement was not noted in the stenographer's notes nor in a bill of exceptions, and there is nothing to show that it was introduced or considered in the court of the justice of the peace, in the mayor's court, or in the circuit court, and consequently cannot be considered here.

We think this case is governed by the decision in the case of *Price Hitt* v. *State* (No. 26896, handed down by

this court February 27th), 115 So. 879, in which opinion the court discussed fully the questions sought to be raised and argued here. One of the grounds on which the Hitt case was affirmed is that, the appellant having appealed from the justice of the peace court with *super-sedeas,* and having been tried in the circuit court *de novo* by a fair and impartial court and jury, he was accorded all the legal rights to which he was entitled. In view of this feature in the decision of that case, it becomes immaterial whether the justice of the peace had, in fact, exhausted the fees allowable out of the county treasury. This case is governed, in all respects, by the Hitt case, and the judgment of the lower court is affirmed.

*Affirmed.*