ANDERSON *et al. v.* RIMMER *et al.**

(Division A.   April 9, 1928.)

[116 So. 543.   No. 26889.]

*Corpus Juris-Cyc. References: Drains, 19CJ, p. 643, n. 92; p. 657, n. 69; p. 672, n. 21; p. 673, n. 43.

*J. D. Guyton,* for appellants.

*C. E. Morgan* and *J. G. Smythe,* for appellees.

Argued orally by *J. D. Guyton,* for appellants, and *C. E. Morgan* and *J. G. Smythe,* for appellees.

McGOWEN, J. After a careful consideration of the suggestion of error filed in this case, we deem it proper to write and file an amended opinion in lieu of the former, although we reach the same conclusion announced in the former opinion.

The two points presented by this suggestion of error, to which we shall refer, are as follows:

"First. The court is in error in point of fact, in that the last paragraph of the opinion refers to the district drainage commissioners as the ones whose right to sit is challenged as being interested parties, whereas, in fact, the members of the county board of drainage commissioners are the ones who were challenged.

"Second. The court is in error in holding that the members of the board actually challenged are administrative, and not judicial, officers within the meaning of section 165 of the Constitution."

Before discussing these two propositions we here set out that part of the original opinion which is not challenged:

"A drainage district, designated as Attala county drainage district No. 2, was created in Attala county under chapter 197, Laws of 1912, and amendments thereto (Hemingway's 1927 Code, section 4845 *et seq.*). A number of persons owning land in the district objected to its formation, and appealed to the court below from the final order of the county drainage commissioners establishing the district, and, from a decree of that court affirming the action of the county board of drainage commissioners, the objectors have brought the case to this court.

"None of the petitions, nor the report of the district drainage commissioners to the county board of drainage commissioners, disclosed the names and number of landowners in the proposed district, or the amount of land owned by each; and one of the contentions of the appellants is that these facts should probably have been set forth in the petition on which the drainage district was created, but certainly by the report of the district drainage commissioners. The statute does not so require."

1. Counsel for appellant, in the suggestion of error, correctly states the proposition to be that the *county board of drainage commissioners* was challenged by him in his original brief, and the court inadvertently referred to the *district drainage commissioners*. Chapter 197 of the Laws of 1912 (Hemingway's 1927 Code, section 4845 *et seq.*), mentioned above, contemplates two sets of commissioners; one being the county board of drainage commissioners before whom are originated all

drainage matter initiated by virtue of this chapter, the members of such board being appointed by the chancellor of the district, and the other, the district drainage commissioners, who are appointed by the county board of drainage commissioners, and who, in turn, report to the county board of drainage commissioners as to a particular district proposed to be organized. There would be only one county board, but there might be as many boards of drainage district commissioners as there were drainage districts organized in the county. We therefore incorrectly applied the former opinion to the district drainage commissioners, when the point in question was the disqualification of the county board of drainage commissioners.

2. Section 4848, Hemingway's 1927 Code, authorizes the chancellor of a district upon notice by the clerk of a pending petition, to appoint three drainage commissioners; section 4849 requires such commissioners to give bond; and section 4850 authorizes such commissioners to meet and organize. By section 4851, the county board of drainage commissioners is denominated a court of record, with the right to have a seal, the power to issue process, compel attendance of witnesses, and do any and all things necessary to carry out the scheme of drainage provided for in the chapter. Under section 4852, jurisdiction of the organization of all drainage districts within its county is given this board. Sections 4853 and 4854 provide for the hearing of petitions to the county board of drainage commissioners, for the appeal of same, and recites that appeals may be taken in that section "as hereinafter provided." Sections 4855 and 4857 provide for the appointment of district drainage commissioners by the county board of drainage commissioners, their duties, and specifically, what their reports shall be as to the proposed districts submitted to them for investigation as to certain requisite data. Sections 4860 to 4864, inclusive, provide for the confirmation of the

reports of the district commissioners, the hearing, the objections, and the form of the order to be entered upon this second hearing. Section 4862, contains this language:

"And, if no such petition is filed, the order confirming said report shall be final unless appeal be taken as hereinafter provided."

It was by virtue of the last-named section that the appeal was prosecuted from the order of the county board of drainage commissioners, entered in conformity with section 4863. This appeal is granted by the section quoted *supra*, and the procedure is controlled by section 4906, which reads as follows:

"All appeals which may be prosecuted from any order or decision of the county board of drainage commissioners as hereinbefore provided for shall be to the chancery court in that county in which lies the greatest number of acres of the drainage district. Such appeal shall be taken within ten days after the entry of the order or doing of the act complained of, and should any party desiring an appeal fail to appeal within said time, the right of appeal shall be lost. Any appeal taken in accordance with the foregoing provisions may be heard by the chancellor in term-time or in vacation."

It will be observed that this is the only section controlling the procedure as to an appeal. Scant direction is given in the statute as to how the appeal shall be taken, the effect of it, and how the trial shall be conducted in the chancery court upon appeal—whether a bond shall be given, or the amount thereof; whether upon bill of exceptions, or order, or a trial *de novo*. The statute with reference thereto does not in express terms give such information.

We are of the opinion that the appeal granted is general in its nature; and, that being true, the trial of the cause in the chancery court is *de novo* as to all matters embraced in the particular order of the county drainage

board of commissioners, from which the appeal is prose-cuted. Any defect or question of fact involved in that particular order should be submitted to the chancellor on the law and facts for a trial *de novo.* Any other con-struction of this statute would lead to confusion. In the instant case, the question of the disqualification of the county board of drainage commissioners, under section 165 of the Constitution, together with questions of fact affecting the validity or invalidity of the order of the board were heard *de novo* by the chancellor. Now, if it be conceded that the county board of drainage commis-sioners is a court of record, that it exercises judicial. as well as administrative, functions and that, in the or-ganization of a drainage district at the second hearing here involved, it did exercise a judicial function, that the members of the board owned land in the district, and signed the petition for the creation of the district, then the remonstrants there, appellants here, had a fair trial of their cause *de novo* before the chancellor, who was not disqualified, but was presumably fair and impartial. In this state of the record, the case at bar is analogous to, and is ruled by, the case of *Hitt* v. *State* (No. 26896), 115 So. 879, decided at this term of court on the 27th day of February, 1928 (not yet [officially] reported). In the Hitt case, it was held that, even though a justice of the peace tried and convicted a defendant at a time when he, as judge, was financially interested in the fees, which were his compensation, and the defendant appealed there-from to the circuit court, where he was tried *de novo,* fairly and impartially, upon conviction, this court would not reverse the case on the ground that the justice of the peace was disqualified.

*Suggestion of error overruled in part, and sustained in part.*