### RICHARD F. NIMOCKS v. JAMES F. McGEHEE.

#### [52 South. 626.]

1. REPLEVIN. *Goods levied upon under execution. Void judgment. Defendant's remedy.*

   Where an execution and the judgment upon which it issued are void, the defendant may maintain replevin for his goods seized thereunder.

2. JUSTICES OF THE PEACE. *Disqualification. Constitution* 1890, *sec.* 165. *Corporation. Waiver.*

   Under Constitution 1890, sec. 165, prohibiting a judge from presiding where either of the parties is connected with him by affinity or consanguinity, except by consent:—

   (*a*) A justice of the peace is disqualified from hearing a cause to which a corporation is a party, of which his first cousin is president, a director and stockholder; but

   (*b*) The disqualification may be waived, and is impliedly waived by a failure to object at the trial, although the other party did not at the time know of the disqualification.

   97 Miss.—21

FROM the circuit court of Pearl River county.

HON. WILLIAM H. COOK, Judge.

Nimocks, appellant, was plaintiff in the court below; McGehee, a constable, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts as stated by ANDERSON, J., were as follows:

"Rouse Bros. & Smith, a mercantile corporation under the laws of this state, recovered judgment by default in a justice of the peace court against the appellant, Nimocks. S. C. Smith was the justice of the peace before whom the judgment was recovered. He is a first cousin of H. S. Smith, a stockholder in and a director and president of Rouse Bros. & Smith. The appellant was county health officer of Pearl River county, and for his services in that capacity the board of supervisors issued him a county warrant for $62.50, which warrant was in the hands of the clerk of the board ready for delivery, when the constable, McGehee, the appellee, having in his hands an execution on the judgment mentioned, levied the same on the county warrant in the hands of the clerk. Thereupon the appellant sued out a writ of replevin against the constable for the county warrant, and the case was tried in the justice's court and appealed to the circuit court, which rendered judgment in favor of the constable, McGehee. Appellant contends that the judgment against him in favor of Rouse Bros. & Smith is void, because of the relationship of the justice of the peace who rendered the judgment to H. S. Smith, who was a stockholder in, and director and president of, the corporation, and, being void, he had the right to take the county warrant from the possession of the constable by replevin."

*Huddleston & Tally,* for appellant.

There is error in the judgment appealed from, for the following reasons:

First. The judgment upon which the execution was issued was absolutely void.

Second. The execution levied upon the county warrant by the constable was itself void.

Third. The county warrant at the time the levy was made was *in custodia legis,* and not subject to levy.

The judgment was void because it was a judgment by default upon a cause of action brought by the plaintiff therein, Rouse Brothers & Smith, in the court of a justice of the peace, who was the cousin of H. S. Smith, a stockholder, director and president of the private corporation, plaintiff in the action.

Our constitution, sec. 165, is in these words: "No judge of any court shall preside on the trial of any cause, where the parties or either of them shall be connected with him by affinity or consanguinity, or, etc.

A judgment rendered in such a case is absolutely void and not voidable. If rendered by default it may be collaterally attacked. There is no waiver by failure to appear and object. The judgment is absolutely void and may be attacked anywhere. *Howard v. Horton,* 19 Am. St. Rep. 198. *First National Bank v. McGuire,* 47 L. R. A. 413; *Crook v. Newberg,* 82 Am. St. Rep. 190.

The unbroken line of authorities is that the disqualification renders the judgment absolutely void and it can be attacked collaterally. That where it exists by the common law and not by statute or constitution it is waived by appearance and joining issue; but where it exists by statute or constitution it is not so waived. We have been unable to find a single authority for the contention of appellee, that such a disqualification (viz.: a constitutional one), is ever waived by a default.

As to the proposition, that the disqualification does not apply where one of the parties is a private corporation and the judge is related to a stockholder, we submit that the authorities cited

above settle that in the affirmative beyond dispute. We grant that there is some seeming authority for the negative in the text of 23 Cyc. 584, 585, but when we examine the authorities cited in support, we find that it was not determined upon this point but upon some other, as in *In re Dodge Mfg. Co.*, 33 Am. Rep. 579, it was held not to disqualify upon the ground, that this "was not cause" as contemplated by the statute; and so in *Robinson v. Southern, etc., R. Co.*, 28 L. R. A. 773, that the relation was not within the degrees prescribed by statute.

We desire to call attention of the court to the fact that in the leading case of *First National Bank v. McGuire*, 76 Am. St. Rep. 598, the corporation was a *quasi*-public one, the relationship was that of the judge's wife to a stockholder, and the party had appeared in the court and prayed for an injunctive order in the case. In the case at bar the corporation is strictly a private mercantile corporation, the relation is personal to the judge, not only to a stockholder but to a director and principal officer, and the defendant never appeared. Cooley says in his work on Constitutional Limitations (5th ed.) 510, stating the rule on this point: "Nor do we see how the objection of interest can be waived by the other party. If not taken before the decision is rendered, it will avail in the appellate court and the suit will be dismissed. The judge acting in such a case is not simply acting irregularly but he is acting without jurisdiction." To the same effect is Freeman on Judgments, § 146.

Anderson, J., after stating the facts as above, delivered the opinion of the court.

Where a judgment on which execution is issued is void, the defendant in execution may maintain replevin for the goods seized thereunder. The judgment being void, the levy of the execution thereunder is void, and the defendant may treat the whole as a nullity, and pursue replevin for his property seized

under such judgment and execution. *Breckenridge v. Johnson,* 57 Miss. 371; 34 Cyc. 1369.

Section 165 of the Constitution of 1890 provides: "No judge of any court shall preside on the trial of any cause where the parties or either of them shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties." Is the judgment void? The justice of the peace who rendered it was disqualified under this constitutional provision. As stockholder in, and director and president of, the corporation, Smith was for all practical purposes a party to the suit. Besides his pecuniary interest as stockholder, he was the managing head of the corporation. If objection had been made on this ground, at the proper time, during the pendency of the suit, he should not have tried the case.

This proceeding, however, is a collateral attack of that judgment, by which it is sought to treat it as a nullity. Appellant, not having made objection to the justice of the peace, on account of his disqualification during the pendency of the suit on which the judgment was rendered, is deemed to have waived such disqualification, even though unknown to him at the time. At his peril he was required to exercise the necessary diligence to ascertain such disqualification, and, not having done so, he is precluded from attacking the judgment collaterally on that ground. Under the Constitution the disqualification may be waived, and such waiver may be express or implied, and under the facts of this case it is implied. If judgments were open to collateral attack on this ground, the evil results would be at once apparent. The authorities on this subject are in conflict, they will be found collated in 23 Cyc. pp. 596, 597, 598, and 599.

*Affirmed.*