## DIXON, SHERIFF, *v.* ROWLAND.*

(Division A.   May 31, 1926.   Suggestion of Error Overruled June 21, 1926.)

[108 So. 807.   No. 25773.]

1. JUDGES. *Disqualification of judge because of interest or relationship to party can be availed of only by objection to judge, made on that ground (Constitution 1890, section 165; Code 1906, section 2724 [Hemingway's Code, section 2223]).*

Disqualification of judge, under Constitution 1890, section 165, or Code 1906, section 2724 (Hemingway's Code, section 2223), because of interest or relationship to party thereto, can be availed of only by objection to judge, made on that ground, either before judgment is rendered, or, if made thereafter, before judge has lost control of judgment.

2.  HABEAS CORPUS. *Qualification of justice of the peace, presiding in liquor prosecution, cannot be attacked collaterally in habeas corpus proceeding (Constitution 1890, section 165; Code 1906, section 2724 [Hemingway's Code, section 2223]).*

Disqualification, under Constitution 1890, section 165, or Code 1906, section 2724 (Hemingway's Code, section 2223), of justice of the peace to preside in liquor prosecution may not be collaterally attacked in *habeas corpus* proceedings.

*Corpus Juris-Cyc. References: Judges, 33CJ, p. 990, n. 28; p. 1014, n. 50 New; Relationship to attorney in case as disqualifying Judge, see notes in 42 L.R.A. (N.S.) 1172; L.R.A. 1918F, 1036; 15 R.C.L. p. 532, 534; Supp. 3 R.C.L. Supp., p. 468; 4 R.C.L. Supp. 1001.

APPEAL from chancery court of Benton county.

HON. N. R. SLEDGE, Chancellor.

*Habeas corpus* proceeding by T. R. Rowland against W. T. Dixon, as Sheriff of Benton county. From a judgment granting the writ, the sheriff appeals. Reversed and judgment rendered.

*J. A. Lauderdale,* Special Assistant Attorney-General, for appellant.

I.  Admitting the facts alleged in the petition of relator to be true, it is clear that he was not entitled to any relief and, therefore, the demurrer should have been sustained. Appellee relies upon the provisions of section 171 of the state Constitution. That part of said section which he claims is applicable to the facts in this case is as follows: "And no justice of the peace shall preside at the trial of any cause where he may be interested, or the parties, or either of them, shall be connected with him by affinity or consanguinity, except by the consent of the justice of the peace and of the parties."

We submit that this section has no application for two reasons: (1) R. E. Aldridge was not a party to the suit; and (2) M. T. or R. E. Aldridge was not interested in any way in the outcome of the suit. The parties to this suit were the state of Mississippi, plaintiff, and T. P. Rowland, defendant. The justice of the peace was not related to either one of them. The fact that R. E. Aldridge made the affidavit and testified as a witness in the case did not make him a party to the suit.

The order of the board of supervisors provided that the county would pay to persons furnishing evidence one-third of all fines collected in two classes of crimes, (1) the unlawful sale of intoxicating liquors; (2) the unlawful keeping of intoxicating liquor for sale. The petition alleges that Rowland was convicted of the crime of the unlawful possession of more than one quart of intoxicating liquor. Therefore, the crime for which the appellee was convicted was not covered by the order of the board of supervisors, and the witness Aldridge had no interest whatever in the collection of the said fine. In other words, he could not have received one cent though the fine was collected in full.

The authority of the board of supervisors to make such an order is by virtue of the provisions of chapter 124, Laws of 1912, section 2124, Hemingway's Code. This section limits the authority of the board of supervisors to the "unlawful sale or keeping for sale of intoxicating liquors." The order in the petition follows the statute. Neither is broad enough to cover the crime for which the defendant was convicted.

II.   The court erred in making and entering a decree discharging appellee from the custody of appellant. The defendant's only remedy in the case after he had been convicted and sentenced in the court of the justice of the peace was by an appeal to the circuit court. The record shows that he appealed said cause to the circuit court and from an adverse judgment there, he appealed it to

the supreme court, which court affirmed the judgment of the circuit court. The justice of the peace had jurisdiction of the crime charged; he had jurisdiction of the person of the defendant. The judgment rendered by him is conclusive except upon appeal. *Ex parte Grubbs,* 79 Miss. 358.

This court has held that a jurisdictional fact cannot be waived; that jurisdiction cannot be conferred upon a court by agreement of the parties. The fact that the justice of the peace may. or may not be disqualified to try a case is not jurisdictional and, therefore, may be waived. In fact, the Constitution itself provides how it may be waived. After appellee had filed his motion to transfer said cause to some other justice of the peace and said motion was overruled by the court, he proceeded with the trial of the cause, was convicted and appealed. In view of the fact that he had objected to the jurisdiction of the justice of the peace, he could have raised this same question in the circuit court on the same motion. When he failed to do this, he waived whatever rights he may have had in the premises.

The justice of the peace was not related to any of the parties to the suit. He had no financial interest in the outcome of the suit. Therefore, he was not disqualified to try the case. Only kinship or pecuniary interest in the result disqualifies the court. *Evans* v. *State,* 92 Miss. 34; *Lemon* v. *Peyton,* 54 Miss. 162; *Ferguson* v. *Brown,* 75 Miss. 214.

*L. T. McKenzie,* for appellee.

Sections 2223 and 715, Hemingway's Code, provide that whenever by reason of interest, relationship to one of the parties, or other like cause any justice of the peace is disqualified, the case shall be transferred to a justice of the peace in that or an adjoining district in the county who is free from such objection and he shall determine the same.

The legislature in enacting this section of the law complied with section 171 of the state Constitution except that they did not go as far as the Constitution provides. It absolutely prohibits a justice of the peace from presiding at the trial of any cause where he may be interested or the parties, or either of them, shall be connected with him by affinity or consanguinity except by consent of the justice and the parties. See section 165 of the state Constitution.

Our supreme court has passed upon this section of the Constitution and upheld it in *Yazoo & M. R. R. Co.* v. *Kirk,* 107 Miss. 471; and *Nimocks* v. *McGehee,* 97 Miss. 321. The Texas civil court of appeals in *First Nat'l Bank* v. *Harrell,* 190 S. W. 797, held that a judge related within the third degree to a surety on appellant's appeal bond should have excused himself and should have declined to make any orders in the cause except to transfer. See, also, *State* v. *Supervisors Court for Lewis County,* 230 Wash. 154; *State* v. *Kent,* 27 L. R. A. 639; *Shaw* v. *State,* 146 N. E. —; *State ex rel. Miller* v. *Aldrich et al.,* 103 So. 835. As to who are the parties of the suit, see 33 C. J., p. 1007.

As to the appellant's contention that the order of the board of supervisors does not cover this kind of case, see chapter 210, Laws of 1922, which makes the possession in all cases the question of guilt and, therefore, the order of the board was broad enough to cover any violation of the prohibition law.

The chancellor found under the proof in this case that the constitutional right of the defendant had been taken from him, and this finding on a question of fact is equivalent to the verdict of a jury and this court by a long line of unbroken decisions will not disturb the verdict of a jury on a question of fact where there is any evidence to support the verdict.

Argued orally by *J. A. Lauderdale* Assistant Attorney-General, for appellant, and *L. T. McKenzie,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellee was in the custody of the appellant, who is the sheriff of Benton county, under a conviction for having intoxicating liquor in possession, and was discharged from custody on a writ of *habeas corpus* by the chancellor of the district in which Benton county is situated. The sheriff has brought the case to this court.

The ground on which the appellee sought and was granted relief in the court below is that the justice of the peace who rendered the judgment on which he was in custody was without authority to render it because of his relationship to a person interested therein.

It appears from the evidence that, when the case was called for trial by the justice of the peace, an objection was interposed by the appellee to his proceeding therewith, for the reason that the witness on whose testimony the state would seek a conviction was a brother of the justice of the peace, and, under an order of the board of supervisors, would receive a portion of whatever fine the justice of the peace might impose on the appellee. This motion was overruled. The justice of the peace, after hearing the evidence, found the appellee guilty and sentenced him to pay a fine of three hundred dollars, and, in addition thereto, to serve a term of sixty days in the county jail. An appeal was taken from this judgment to the circuit court, where the case was dismissed, which dismissal of the case was affirmed on appeal to the supreme court.

Section 165 of the Constitution provides that—"No judge of any court shall preside on the trial of any cause where the parties or either of them shall be connected with him by affinity or consanguinity, or where he may be interested in the same, except by the consent of the judge and of the parties."

Section 2724 of the Code of 1906 (Hemingway's Code, section 2223), provides that—"Whenever, by reason of interest, relationship to one of the parties, or other like

cause, any justice of the peace shall be disqualified to preside in any case before him, the same shall be transferred to a justice of the peace in that or an adjoining district free from such objection, in the county, who shall hear and determine the same.''

The order of the board of supervisors here invoked provides:

''That the board of supervisors will hereafter pay one-third of the fine assessed and collected to the person or persons furnishing evidence which will result in the conviction of any person on a charge of the unlawful sale or keeping for sale intoxicating liquors against the laws of this state.''

The appellant's contentions are: (1) The disqualification of the justice of the peace who rendered the judgment on which the appellee was in custody cannot be inquired into in a *habeas corpus* proceeding. (2) A witness in a criminal case is not a party thereto within the meaning of section 165 of the Constitution or of section 2724 of the Code of 1906 (Hemingway's Code, section 2223). (3) The order of the board of supervisors here invoked does not embrace prosecutions for merely having liquor in possession. (4) The order of the board of supervisors is void.

The disqualification of a judge because of his interest in a case, or of his relationship to a party thereto, can be availed of only by an objection to the judge made on that ground, either before his judgment is rendered, or, if made thereafter, before the judge has lost control of the judgment, *Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914B, 968, and his decision thereon is subject to review only in an appellate court on an appeal thereto if an appeal to such a court lies from the judgment rendered.

In *Nimocks* v. *McGehee,* 97 Miss. 321, 52 So. 626, a collateral attack was made on a judgment rendered by a justice of the peace on the ground that the justice of the peace was related to one of the parties thereto, and

the judgment was upheld on two grounds: (1) No objection to the justice of the peace proceeding with the trial of the case on the ground of his disqualification so to do was made before the judgment was rendered; and (2) the judgment was not open to collateral attack on the ground of the disqualification of the justice of the peace who rendered it. The second of these grounds applies here, and relieves us of expressing any opinion on the other questions here raised. See, also, *Ex parte Grubbs,* 79 Miss. 358, 30 So. 708.

The judgment will be reversed, and a judgment will be rendered here remanding the appellee to the custody of the appellant.

*Reversed, and judgment here.*