BRYANT v. STATE.*

(Division B.   May 16, 1927.)

[112 So. 676.   No. 26552.]

1. JUDGES.  *Justices of the peace.  Failure to object to qualification of judge or justice of the peace before trial, or before losing control of judgment, constitutes "waiver" (Constitution 1890, sections 165, 171).*

   Failure to object to qualifications of justice of the peace or judge, under Constitution 1890, sections 165, 171, before trial or before losing control of the judgment, *held* tantamount to a "waiver" of the disqualification of such judge or justice of the peace.

2. JUSTICES OF THE PEACE.  *Defendant, failing to object to qualifications of justice of the peace before trial and before losing control of judgment, waived alleged disqualification (Constitution 1890, section 171).*

   Where defendant in prosecution in justice court for violating game laws failed to object to trial before justice of the peace, under Constitution 1890, section 171, on ground that he was interested in outcome of prosecution in that his compensation depended on conviction, either before the trial or any time before the justice of the peace lost control of the judgment, defendant is in the attitude of having consented thereto and to have waived alleged disqualification.

*Corpus Juris-Cyc References: Judges, 33CJ, p. 991, n. 57; p. 992, n. 58; p. 1006, n. 85; p. 1014, n. 45; p. 1019, n. 91, 94; p. 1020, n. 7; Justices of the Peace, 35CJ, p. 542, n. 48; p. 543, n. 65; p. 547, n. 15, 19, 23.

APPEAL from circuit court of Madison county.

HON. W. H. POTTER, Judge.

Wash Bryant was convicted for hunting and killing squirrels during the closed season, and he appeals. Affirmed.

*Chas. W.* and *John W. Crisler,* for appellant.

The defendant was charged with violating the game laws, which under our statutes is a misdemeanor. Chapter 178, Laws of 1926, section 7, paragraph C. The charge as laid in the affidavit is, therefore, a misdemeanor and the statute intends the same to be triable by a justice of the peace as other misdemeanors are tried. Sections 2248, 2250, Hemingway's Code.

There is no statute in our state allowing a justice of the peace his costs or fees for sitting in the trial of a misdemeanor case unless the defendant is convicted and the costs assessed against said defendant. Chapter 165, Laws of 1922, section 1, paragraph X, is similar to section 2182, Code of 1906, paragraph (V), construed in *Connerly* v. *Lincoln County,* 99 Miss. 731, 55 So. 963.

This statutory allowance is, therefore, not applicable to misdemeanor cases and the only way in which a justice of the peace can derive payment of his costs in a misdemeanor case is by taxing the same against the defendant after conviction. Section 2256, Hemingway's Code. Chapter 43, section A, Laws of 1920, amends section 1892, Hemingway's Code, under paragraph E.

This statute fixes the *per diem* of a juror in the justice court but the same cannot be recovered and paid to the juror unless the defendant is convicted and the jury tax assessed against him together with the other costs. There is no provision for the payment of jury fees in a justice court out of the county treasury in event of an acquittal of the defendant. See, also, chapter 246, Laws of 1924, amendatory of section 69, Hemingway's Code.

We also refer the court to the Fourteenth Amendment to the United States Constitution, section 1, sub-section A thereof, providing: ". . . nor shall any state deprive any person of life, liberty, or property without due process of law; . . ." Section 14, article 3 of the Mississippi Constitution provides: "No person shall be deprived of life, liberty or property except by due process of law." See, also, section 171, Constitution of Mississippi and section 26.

Under these constitutional rights guaranteed to every citizen, it is impossible for any citizen to have his rights maintained in a trial before a justice of the peace or a jury, either one or both of them, having a pecuniary or monetary interest in the outcome of the case. The costs of the justice of the peace and the jury are not inconsequential but are a direct, personal, substantial pecuniary interest that the justice of the peace or the jury have in the conclusion of the case. *Tumey* v. *State of Ohio,* 47 S. Ct. 437, 71 L. Ed. 544, recently decided by the supreme court of the United States, is the case on which we rely for a reversal.

If on account of the interest of the justice of the peace, he is disqualified to try a defendant in a criminal proceeding before him, then the circuit court to which he appealed from a conviction therein, would have no jurisdiction to try his cause, even *de novo,* for the circuit court can acquire only such jurisdiction as is vested in the justice of the peace from whose court the appeal is prosecuted. This is a rule of law as laid down by this court and is indisputable. *Glass* v. *Moss,* 1 How. 519; *Crapoo* v. *Town of Grand Gulf,* 9 S. & M. 205; *Stier* v. *Surget,* 10 S. & M. 154; *Scofield* v. *Pensons,* 26 Miss. 402; *Switzer* v. *Burner,* 48 So. 401.

In the case at bar the state has sought to deprive the defendant of his liberty and property without due process of law. We believe that the procedure of the justice of the peace courts in this state is condemned in the Tumey case, supra, on which case we frankly rely for a reversal. The demurrer of the state should have been overruled.

*Rush H. Knox,* Attorney-General, for the state.

The plea in abatement is fatally defective and the demurrer thereto was properly sustained because it is not alleged in said plea that the defendant objected to the justice of the peace trying said cause on the ground of his disqualification by reason of his being interested in the outcome of the case. See sections 165 and 171 of the Constitution of Mississippi.

This court has construed these sections several times and has consistently held that a justice of the peace or a judge is disqualified from hearing a cause in which he may be interested. However, it has also held that the disqualification may be waived and that it is impliedly waived by the failure to object at the trial, and that it may be waived even though the party at the time did not know of the disqualification. *Nimocks* v. *McGehee,* 97 Miss. 321; *R. R. Co.* v. *Kirk,* 102 Miss. 41; *Shireman* v. *Wildberger,* 125 Miss. 449; *Dixon, Sheriff,* v. *Rowland,* 108 So. 807.

The plea in abatement in this case does not allege that the defendant made any objection to the justice of the peace trying his case until after the cause was appealed to the circuit court. He cannot now complain of the disqualification of the justice of the peace.

In *Tumey* v. *State of Ohio,* recently decided by the supreme court of the United States, the facts show that Tumey objected to the mayor trying the case on the ground that he was financially interested in the outcome of the case, and that he made this objection in each court thereafter. The supreme court of the United States stated these facts with great particularity and emphasized the fact that the defendant did seasonably object.

Counsel for appellant confuses "the jurisdiction of the court" with the "qualification of the judge." The fact that a judge may be disqualified by reason of his interest to try a particular case does not affect the jurisdiction of the court. In other words, a circuit judge may

be disqualified to try a case because he was interested financially in the outcome of the case. However, the circuit court of which he is judge would have jurisdiction to try the case. The disqualification of the judge is not a jurisdictional fact.

The questions argued by appellant are not presented by the record in this cause.

*John W.* and *Chas. W. Crisler,* in reply, for appellant.

We cannot see the expediency or necessity of raising a formal objection to the justice of the peace trying the case when the justice court is not a court of record and proceedings therein are tried only in a summary way, nor do we see the necessity of raising an objection before a justice of the peace who is interested in the outcome of the cause, when the justice of the peace, if interested in the outcome of the cause to the extent that he might find the defendant guilty on the facts in the case, is certainly interested to the extent that any motion as to his disqualification would be promptly overruled. Besides, we do not contend that the justice of the peace is disqualified as a matter of fact. As said in the Tumey case, "It certainly violates the Fourteenth Amendment and deprives a defendant in a criminal case of due process of law to subject his liberty or property to the judgment of a court, the judge of which has a direct, personal, substantial pecuniary interest in reaching a conclusion against him." When the defendant is called for trial and forced to come into court, his liberty, or property, is then and there being subjected to the judgment of a court having this interest. We believe that this condition exists at the very time that the warrant is served on the defendant after having been issued by the justice of the peace.

The fact that the case is tried *de novo* in the circuit court on appeal and the same defenses exist therein as existed in the justice of the peace court indicate that the

objection raised by the plea in abatement was raised at a seasonable time and it was not necessary for the defendant to have done this before the justice of the peace who in the first instance had no right to subject his liberty or property to the judgment of that court when the justice of the peace was fundamentally, lawfully and constitutionally disqualified to try said cause.

Argued orally by *Chas. W. Crisler,* for the appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J., delivered the opinion of the court.

Appellant was charged by affidavit before a justice of the peace of Madison county, with the crime of violating the game laws, in that he hunted and killed squirrels in Madison county during the closed season for hunting and killing of such game. He was tried and convicted before the justice of the peace, and sentenced to pay a fine of ten dollars and costs of the prosecution, which included fees of the justice of the peace. From that judgment, he appealed to the circuit court of Madison county, where there was a trial *de novo.*

In the circuit court, appellant interposed a plea in abatement to the affidavit charging the crime. In short, the plea in abatement set out that, by the trial before the justice of the peace, appellant was denied due process of law, in violation of both the federal and state Constitutions, because the justice of the peace was interested in the outcome of the prosecution, in that his compensation for his services as such justice of the peace, in that class of cases, depended on conviction. The district attorney demurred to the plea in abatement on the ground of insufficiency in law, which demurrer was by the court sustained, and thereupon a trial was had on the affidavit charging the offense, the plea of not guilty by appellant, and evidence, resulting in a verdict of

guilty and judgment of the court thereon sentencing appellant to pay a fine of ten dollars and costs of court. From that judgment, appellant prosecutes an appeal to this court.

The purpose of this appeal is to have this court pass on the constitutionality of the laws of this state by which the compensation of justices of the peace, in prosecutions of misdemeanors before them, is made dependent on conviction. Appellant's position is that such laws bring about the result of making justices of the peace interested financially in the outcome of prosecutions for misdemeanors before them; that, therefore, they are disqualified in such cases; and that persons tried and convicted therein come under the principles of the recent case decided by the supreme court of the United States of *Tumey* v. *State of Ohio,* 47 S. Ct. 437, 71 L. Ed. 544. Under the record in the case at bar, however, that question cannot be decided, because it does not arise.

Section 171 of our Constitution, among other things, provides for the selection of a competent number of justices of the peace for each county in the state, and prescribes their civil and criminal jurisdiction, and provides further:

"And no justice of the peace shall preside at the trial of any cause where he may be interested, or the parties or either of them shall be connected with him by affinity or consanguinity, *except by consent of the justice of the peace and of the parties.*" (Italics ours.)

Section 165 of our Constitution, among other things, provides that no judge of any court shall preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested in same, except by consent of the judge and the parties. Our court has construed those provisions of the Constitution in several cases, holding that the disqualification of a justice of the peace or judge could be waived, either expressly or by failure of the complaining party, in due time to object

to such disqualification. The objection must be made before the trial, or, if made thereafter, before the judge or the justice of the peace has lost control of the judgment, and a failure to make such objection within that time is tantamount to a waiver of the disqualification of the judge or justice of the peace. *Nimocks* v. *McGehee,* 97 Miss. 321, 52 So. 626; *Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968; *Shireman* v. *Wildberger,* 125 Miss. 499, 87 So. 657; *Dixon* v. *Rowland,* 143 Miss. 270, 108 So. 807.

The plea in abatement fails to set out that appellant objected to the case being tried before the justice of the peace, either before the trial or at any time before the justice of the peace lost control of the judgment. Doubtless, if such objection had been made, it would have been set out in the plea in abatement. Under the decisions of this court, appellant is in the attitude of having consented (as he had the right to do, under section 171 of our Constitution) to the trial of the charge against him before the justice of the peace who tried him, notwithstanding the alleged disqualification of the justice of the peace.

*Affirmed.*