HITT v. STATE.*

(En Banc.  Feb. 27, 1928.  Suggestion of Error Overruled March 26, 1928.)

[115 So. 879.  No. 26896.]

1. JUDGES. *Judge must pass on question of his disqualification, and challenging party must bring to court's attention facts on which disqualification rests.*

   Judge of a court who has cause to recuse himself must pass on question of his disqualification, and it is incumbent on challenging party to bring to attention of court, under rules of evidence, facts on which such disqualification rests.

2. CRIMINAL LAW. *Justice of peace is not disqualified where he can look to county for payment if he acquits defendant in criminal case.*

   A justice of the peace is not disqualified so long as he can look to the county for payment in event he acquits a defendant on trial in a criminal case.

3. CRIMINAL LAW. *Defendant, claiming justice of peace was disqualified because of financial interest in prosecution had burden of showing justice had earned annual amount allowed in*

cases of acquittal (*Hemingway's Code* 1927, *section* 1962, *par.* [*x*]).

Defendant in liquor prosecution before justice of the peace, claiming justice was disqualified because of financial interest in prosecution had burden of showing that justice had earned by his acquittal sixty dollars allowed him under Hemingway's Code 1927, section 1962, par. (x).

4. CRIMINAL LAW. *Justice of peace held not disqualified to try liquor case because of two dollars and seventy-five cents costs allowed in case of conviction (Hemingway's Code 1927, section 1962, par. [x]).*

Justice of the peace *held* not disqualified to try liquor case because of two dollars and seventy-five cents which he would be allowed in case a conviction resulted, in view of sixty dollars annual payment allowed to justice under Hemingway's Code 1927, section 1962, par. (x), in case of acquittal.

5. CRIMINAL LAW. *If justice of peace was disqualified, judgment of conviction in liquor prosecution was voidable only.*

If justice of the peace was disqualified because of his financial interest in prosecution, judgment of conviction in liquor prosecution was voidable only.

6. CRIMINAL LAW. *Disqualification of justice of peace trying liquor case must be raised before justice loses jurisdiction.*

Question of disqualification of justice of peace to try liquor case because of his financial interest in prosecution must be raised prior to time justice loses jurisdiction of case.

7. CRIMINAL LAW. *Trial in circuit court on appeal from justice of peace corrected all errors committed by justice in liquor prosecution, either as to ruling of law or ruling on facts (Hemingway's Code* 1927, *section* 69).

Trial of defendant *de novo* in circuit court on appeal under Hemingway's Code 1927, section 69, from judgment of conviction in liquor prosecution in justice of the peace court, was effectual to correct any and all errors committed by justice of the peace either as to ruling of law or as to ruling on facts.

8. CONSTITUTIONAL LAW. *If justice of peace was disqualified to try liquor case, where defendant appealed to circuit court and had trial de novo, he was awarded due process of law (Hemingway's Code* 1927, *section* 69; *Constitution United States Amendment* 14).

If justice of the peace was disqualified to try liquor case because of financial interest in prosecution, making judgment void-

able, where defendant under Hemingway's Code 1927, section 69, filed appeal bond staying justice's judgment and appealed to circuit court, where case was tried *de novo*, in effect vacating judgment of justice of peace and ignoring it, defendant was not denied due process of law as set forth in Constitution United States Amendment 14, since proceedings in appellate tribunal must be regarded as part of process of law under which he is held in custody by state, and must be considered in determining question of alleged deprivation of life or liberty contrary to Fourteenth Amendment.

9. CRIMINAL LAW. *Justice of peace had jurisdiction of defendant charged with selling liquor and of subject-matter where offense was misdemeanor and sentence was by fine and imprisonment in county jail (Constitution 1890, section 171; Hemingway's Code 1927, section 2403).*

Under Constitution 1890, section 171, and Hemingway's Code 1927, section 2403 (Code 1906, section 2749), justice of the peace had jurisdiction of defendant charged with unlawful sale of intoxicating liquor, and had jurisdiction of subject-matter where offense was misdemeanor and sentence imposed was one hundred dollars fine and imprisonment in county jail.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1202, n. 56; Criminal Law, 16CJ, p. 154, n. 79, 88; p. 184, n. 4; p. 382, n. 50; Judges, 33CJ, p. 1017, n. 38, 45; p. 1023, n. 57; Justices of the Peace, 35CJ, p. 545, n. 80; Effect of interest in controversy as disqualifying judge, see 15 R. C. L. 527; 3 R. C. L. Supp. 466; 4 R. C. L. Supp. 1000; 5 R. C. L. Supp. 842; 6 R. C. L. Supp. 921.

APPEAL from circuit court of Tallahatchie county, Second district.

HON. GREEK L. RICE, Judge.

Price Hitt was convicted in the circuit court of the unlawful sale of intoxicating liquor on appeal from a judgment of a justice of the peace, and he appeals. Affirmed.

*J. J. Breland,* for appellant.

The principal ground on which we insist that the case should be reversed is that the justice of the peace was not qualified to try the appellant on timely objections

made to his qualification. As we understand this cause, one of the principal questions, decided in *Tumey* v. *State of Ohio,* 47 Sup. Ct. Rep. 437, in an opinion delivered by Chief Justice Taft, is raised and presented in the case at bar. We deem it unnecessary to go into a lengthy discussion of the principals decided in the Tumey case as we are sure that this court is familiar with that case. We are convinced that the case is decisive of the case at bar. The objections made by the appellant to the justice of the peace trying said cause were made in detail orally, and raise the principal question decided by the case of *Tumey* v. *State of Ohio, supra;* that is, that the statute of the state of Ohio, which provided that a justice of the peace or the mayor of a town or village receive compensation for trying a misdemeanor case from costs collected from a defendant only in the event of conviction, was in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. This statute of Ohio, in this particular, is identical with the constitution and statutes of this state, providing for the compensation of justice of the peace for trying criminal cases in which the justice of the peace has final jurisdiction.

In the case at bar the justice of the peace was disqualified to try the appellant in his court, on timely objection made, because he had, as a matter of law, a direct, pecuniary interest in the outcome of that case; that is, he would receive compensation only in the event of the conviction of the appellant. We do not think the case at bar is controlled by the case of *Bryant* v. *State,* 112 So. 675. In the Bryant case, the defendant failed to make objection to the qualification of the justice of the peace, in the justice of the peace court, and this court held that, since he failed to make an objection to the qualification of the justice of the peace in the justice court, he waived this objection.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

149 Miss.—46.

There is no contention in this case that the testimony is insufficient to support the verdict. For this reason I will not state the facts. The only question attempted to be raised by counsel for appellant is the qualifications of the justice of the peace who tried the case. In other words, counsel for appellant insists that the decision in *Tumey* v. *State of Ohio,* 47 Sup. Ct. Rep. 437, controls in this case. The contention of the state is that this question is not properly raised by the record in this case, and it is unnecessary for the court to decide whether or not the justice of the peace was disqualified to try the case.

The motion to dismiss the case alleged that the justice of the peace was disqualified to try the defendant in his court because he could not collect any cost unless the defendant was convicted and that he therefore had a pecuniary interest in the outcome of the suit, and was disqualified. The motion also alleged that the circuit court was without jurisdiction to sustain the appeal from the said justice of the peace court in said cause, except to quash the said affidavit and discharge the defendant. This court has repeatedly held that the disqualification of a judge did not render the judgment void. Counsel for appellant seems to confuse the jurisdiction of the court with the disqualification of the judge. The justice of the peace court had jurisdiction of the cause and even though the justice was disqualified to try the case it would not render the judgment void.

The fact that a person charged with crime is tried by a judge who is disqualified to try him would not be a sufficient reason to discharge him from custody. In the *Tumey case, supra,* the supreme court of the United States held that the judge who tried Tumey was disqualified. However, the court reversed and remanded the case to be proceeded with in accordance with the opinion. It did not discharge the appellant from custody. The motion must fail for the reason that if objections were made in the justice court, the record filed by him does not show

such objections. The court of a justice of the peace in a court of record, and if counsel filed a motion setting up the disqualifications of the justice of the peace, the judgment of the court on said motion is not in the record filed by the justice of the peace and any proof with reference thereto was incompetent and inadmissible in the circuit court. The appellant must be bound by the record he made in the justice of the peace court. The record does not show that the trial court passed on said motion and the defendant reserved an exception to the trial of the court. The special bill of exceptions sets out the proof but it does not show the disposition of the motion. When a motion is filed it is up to the movant to get a ruling from the court and reserve his exception thereto, or, in the event the court will not pass on the motion, to except to the action of the court in refusing so to do.

The plea in abatement is insufficient because the allegations in the plea do not show that the justice of the peace was disqualified. Under the provisions of the law in this state, the justice of the peace received the sum of not exceeding sixty dollars per annum, as lost cost, or cost in cases where the state fails. So far as this record shows, this was the only case tried by said justice of the peace and he had not received any part of said sixty dollars as lost cost. Until the sixty dollars had been received by the justice of the peace, he would have received his fees, taxed as cost, whether the defendant was convicted or acquitted. This assignment of error must fail for the reason that the record in this case does not show what disposition, if any, the trial court made of this plea. In other words, there is no judgment or order in the record showing that the plea was sustained or overruled.

McGOWEN, J. Appellant, Hitt, was convicted in the circuit court of Tallahatchie county of the unlawful sale of intoxicating liquor, and fined one hundred dollars and

costs, and sentenced to thirty days in jail, and prosecuted his appeal here.

The prosecution was initiated before F. L. Hall, a justice of the peace of that county, on an affidavit charging Hitt with the unlawful sale of one gallon of whisky. The justice of the peace issued a warrant, and thereafter the defendant was arraigned. The justice of the peace heard the case, and adjudged the defendant guilty as charged, and imposed a fine of one hundred dollars and ninety days in jail. From this judgment, Hitt immediately appealed the case to the circuit court, and filed an appeal bond in accordance with the statute. In the circuit court, the defendant moved to quash the affidavit, to dismiss the cause, and to be discharged, setting up in the motion that on the trial in the justice of the peace court he had there moved to dismiss the cause because the justice of the peace was disqualified to try him, for the reason that said justice of the peace was an interested party, and not qualified to try the cause under the Constitution of the state, and the laws, providing that justices of the peace shall receive compensation for trying causes and misdemeanors by costs collected from the defendant only in event of a conviction, and that his trial by the justice of the peace under such circumstances would be a violation of the Fifth and Fourteenth Amendments to the Constitution of the United States as construed by the supreme court of the United States in the case of *Ed Tumey* v. *State of Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243.

It was further set up in the motion that because of said interest of the justice of the peace he was without jurisdiction to try the cause, and that therefore, on appeal of the cause to the circuit court, it was also without jurisdiction to entertain the appeal except to quash the affidavit.

A plea in abatement, of the same tenor and effect, was filed by the defendant in the circuit court, and thereupon

the circuit court allowed the defendant a special bill of exceptions setting forth that Hitt had proof before the circuit court on the motion to quash that the defendant was forced by the justice of the peace to a trial over his objection stating the disqualification of the justice of the peace to try the cause because, as alleged, his compensation as justice of the peace depended upon a conviction of the defendant. The bill of exceptions further stated that the defendant showed that he raised the question of disqualification before the justice of the peace prior to his arraignment and before entering his plea of not guilty.

The bill of exceptions shows that the circuit court overruled the motion to quash the affidavit and discharge the defendant. A special bill of exceptions to the same effect was granted by the judge of the circuit court on the plea in abatement. Oral proof was introduced to show what had occurred with reference to the disqualification of the justice of the peace in the trial before him. No order was entered on the minutes of the circuit court as to the motion or as to the plea in abatement; but the bill of exceptions shows that the court overruled the motion and held the plea insufficient.

The record does not show that the district attorney made any objection to the introduction of oral testimony as to the proceeding in the justice of the peace court. The Attorney-General, however, here raises the point that no order was entered on the plea in abatement; but, since the motion to quash raises the same question, we have concluded that the constitutional questions raised by the defendant in the lower court are of such moment as to elicit from us a decision of the questions thus presented. Neither in the bill of exceptions, nor in the record, is it shown whether or not the justice of the peace had theretofore tried any defendant on a misdemeanor or any other criminal charge.

The first question presented is, Was the justice of the peace shown to have been disqualified?

Section 171 of the Constitution of 1890 provides for the establishment of the office of justice of the peace, and provides also that justices of the peace shall have concurrent jurisdiction with the circuit court of all misdemeanors, and further stipulates that the legislature shall provide for an appeal in all such cases to the circuit court. Section 2403, Hemingway's 1927 Code (section 2749, Code of 1906), vests jurisdiction, concurrent with the circuit court of the county, in the justices of the peace over all crime occurring in their several districts, where the punishment prescribed does not extend beyond a fine and imprisonment in the county jail, and further stipulates that, if the justice of the peace of a district shall be disqualified, any justice of the peace may have jurisdiction thereof. Section 2404, Hemingway's 1927 Code (section 2750, Code of 1906), establishes the practice of said courts. Sections 2408 and 2411, Hemingway's 1927 Code, provide for the method of trial by jury of six persons, and section 2406, Hemingway's 1927 Code, provides for bail for appearance for trial. Section 2405, Hemingway's 1927 Code, provides, among other things, that the judgment and committal shall require the defendant to pay the fine imposed upon him and all costs, and that he is committed to the county jail until such payment of fine and costs. Section 69, Hemingway's 1927 Code, provides that, in all cases of criminal offense tried by a justice of the peace, an appeal may be taken to the circuit court of the county, and that such appeal stays the judgment appealed from on giving bond in the penalty of not less than one hundred dollars nor more than five hundred dollars, and in intoxicating liquor cases not less than one hundred fifty dollars nor more than one thousand dollars. This statute further provides that on the appearance of the defendant in the circuit court his case shall be tried anew and disposed of as other cases pending therein. Section 70 provides that appeals may be taken without *supersedeas,* upon affidavit of the person con-

victed that he is not able, on account of poverty, to give bond, and provides that his case, upon the filing of an affidavit, shall be removed to the circuit court and there tried *de novo*.

It has been consistently held by this court that a judge of a court who has cause to recuse himself must pass upon the question of his disqualification, and it is incumbent upon the challenging party to bring to the attention of the court, under the rules of evidence, the facts upon which such disqualification rests. See *Cashin* v. *Murphy*, 138 Miss. 853, 103 So. 787. In this case, the defendant is not shown to have introduced any evidence of the disqualification of the justice of the peace.

Paragraph (x) of section 1962, Hemingway's 1927 Code, is as follows:

"For services as conservators of the peace and for examinations or trials of all state cases in which the state fails in the prosecution, to be paid out of the county treasury on the allowance of the board of supervisors, on a detailed fee bill in each case, annually, a sum not exceeding—sixty dollars."

The remainder of this section sets out the schedule of fees to be taxed, and received by justices of the peace in all cases authorized by section 1922 of Code of 1927 and section 261 of the Constitution of 1890.

We observe this became the law in this state, by chapter 217, Laws of 1912, as amended by chapter 132, section 1, Laws of 1920, and Laws 1922, chapter 165, changing section 2182, par. (v) Code of 1906, in this material particular. Under the latter section, justices of the peace could collect from the county treasurer only fifty dollars, and only in cases for services as conservators of the peace or in the investigation of felony charges.

Counsel for appellant here cites the case of *Connerly* v. *Lincoln County*, 99 Miss. 731, 55 So. 963, which construed the statute as it existed in 1906, allowing fees only to justices of the peace for services as conservators of

the peace and in investigations in felony cases. The law of 1920 materially changes that statute so as to embrace all trials in state cases in which the state fails, in the prosecution. A justice of the peace is not disqualified so long as he can look to the county for payment in event he acquits a defendant on trial in a criminal case. It was incumbent upon the defendant to show that the justice of the peace had earned by his acquittal the sixty dollars allowed him by the law. He was before the justice of the peace, presumably the docket was there, and it was a matter of a few minutes of time to ascertain the truth if the justice of the peace was to be recused because of his interest to convict the defendant in order to secure his costs.

Without elaboration, we think Mr. Chief Justice TAFT, in the case of *Tumey* v. *Ohio*, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, plainly recognized that our state was one of those states providing compensation for justices of the peace in those cases in which the defendant charged with a misdemeanor was acquitted. With the briefs in the Tumey case before us, we know that the very statutes which are called to our attention were brought to the attention of that court, and Mr. Chief Justice TAFT, after reviewing the statutes of other states which made no provision for the payment of justices of the peace in cases of acquittal, uses this significant language:

"In other states than those above mentioned the minor courts are paid for their services by the state or county regardless of acquittal or conviction."

In the light of the sixty dollars annual payment allowed by the statute in case of acquittal, considering the small amount of costs, two dollars and seventy-five cents, in this case, we do not think the record shows the disqualification of the justice of the peace, if perchance, it should be held that, under our system of criminal practice and procedure, a justice of the peace would be held

disqualified because of the small amount of two dollars and seventy-five cents which he would be allowed in case of a conviction.

2.   Conceding, for the sake of the argument, that we are in error in the conclusion stated above and that it appears from the statute that the justice of the peace in the instant case was disqualified because of his interest in the two dollars and seventy-five cents, the amount of his costs, has the defendant in this case been denied due process of law as set forth in the Fourteenth Amendment to the Federal Constitution? An examination of the statutes and Codes of our state reveals that for a period of more than eighty years it has been the established custom to impose costs on the defendants convicted of misdemeanors, and that the defendant stands committed until such fine and costs be paid, and that the justices of the peace, through those years, have been permitted to retain the costs. We know that Mississippi is, for the most part, rural and agricultural, and that, as a general rule, the earnings of those holding this office are, of necessity, small. Justices of the peace seem to fit the place for the immediate trial of offenses occurring in their neighborhoods, and for otherwise discharging the duties incident to a minor court.

As the appeal here prosecuted is bottomed upon the case of *Tumey* v. *Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, we think the statement of facts therein readily discloses the unusual situation produced by the statutes of Ohio. Mayor Pugh was given jurisdiction of the person of defendant by statute. Tumey was not entitled to a jury in the mayor's court. As we view the facts, his jurisdiction was extended so as to make the office of mayor a profitable one to said mayor and a profitable one to the town of which he was mayor. The costs were twelve dollars, and he was earning considerable money as a direct result of his sitting in trial of criminal cases. The defendant was entitled to

an appeal, but only upon a bill of exceptions, and, although he was to be deprived of his liberty, at no point does it appear that he could ever have the question of his guilt or innocence submitted to a jury, or any other impartial tribunal. The amount collected in fees and distributed to the various associates of the mayor and prosecutors of the violators of the liquor statutes was immense. No such state of facts is presented by the record in this case, and in the light of our own holdings and our system of the administration of justice, we say that condition of affairs could not arise in Mississippi as is disclosed by the record in the Tumey case. Our court has consistently and uniformly held that, where a judgment of a justice of the peace is voidable only, it may not be attacked collaterally, and that it is subject to review only where the appeal is granted by statute. The record discloses in this case that in the trial *de novo* in the circuit court, which is our common-law court with added powers, the defendant in this case had a fair and impartial trial, before a fair and impartial jury and a fair and impartial judge. This is unquestionable, and must conclusively answer the contention of the appellant in this case unless the judgment was absolutely void. According to the unbroken precedent in this state, the judgment was voidable only, and, upon the question of disqualification of the judge, the court is not thereby ousted of jurisdiction. That point must be raised prior to the time the court loses jurisdiction of a case. *Ex parte Grubbs,* 79 Miss. 358, 30 So. 708; *Nimocks v. McGehee,* 97 Miss. 321, 52 So. 626; *Yazoo & M. V. R. Co. v. Kirk,* 102 Miss. 41, 58 So. 710, 834, 42 L. R. A. (N. S.) 1172, Ann. Cas. 1914C, 968; *Dixon v. Rowland,* 143 Miss. 270, 108 So. 807; *Bryant v. State,* 146 Miss. 533, 112 So. 675; 23 Cyc. 596-600; 35 C. J. 544.

If the judgment was void, *habeas corpus* would be the remedy in this state, and the last announcement thereon was in the case of *Dixon v. Rowland,* 143 Miss. 270, 108 So. 807, wherein the Chief Justice of this court said:

"The disqualification of a judge because of his inter-
est in a case, or of his relationship to a party thereto,
can be availed of only by an objection to the judge made
on that ground, either before his judgment is rendered,
or, if made thereafter, before the judge has lost control
of the judgment (*Y. & M. V. R. R. Co.* v. *Kirk,* 102 Miss.
41, 58 So. 710, 834, 42 L. R. A. [N. S.] 1172, Ann. Cas.
1914C, 968), and his decision thereon is subject to re-
view only in an appellate court on an appeal thereto if
an appeal to such a court lies from the judgment ren-
dered."

To the same effect is the case of *Donnell* v. *State,* 46
Miss. 661; also *Scott* v. *State,* 70 Miss. 247, 11 So. 657,
35 Am. St. Rep. 649, and *Ex parte Phillips,* 57 Miss. 357.

The effect of the trial *de novo* is the strenuous effort
of this state to see to it that a defendant charged with a
criminal offense is awarded a fair and impartial trial as
accorded by the law of the land.

The defendant in this case gave an appeal bond. If
he had not done so, still he could have had an adjudica-
tion of his guilt or innocence and right to liberty, by the
mere filing of an affidavit. If he had been arrested on
the same day and there had been no justice of the peace
court, the sheriff who caught him in the act, or had in-
formation that authorized him to arrest defendant under
the law, would have required a bond before he could be
released, or he would have had to remain in jail to await
trial. In its practical effect, there is no difference. The
judgment of the justice of the peace was stayed. It
never had any effect upon the trial of his case in the cir-
cuit court before a jury of twelve men and a judge; both
being impartial so far as the record shows. His trial in
the circuit court was as if there had never been a trial
before a justice of the peace, and was effectual to correct
any and all errors committed by the justice of the peace
either as to a ruling of law, or as to a ruling on facts.
He not only had a review of his case, but he had a retrial

of his case, with all the advantages that are accorded to a defendant whose life or liberty are at stake. Under the rule announced by our court that, where a judgment is voidable, the remedy is in the appellate court where the trial may be *de novo,* as it were, vacating the judgment of the justice of the peace and ignoring it, thereby the state has awarded to the defendant due process of law, or a trial in accordance with the law of the land as set forth in the Fourteenth Amendment.

Counsel for the appellant would have us apply the due process of law clause to one incident only of this case, and eliminate all others.

Mr. Justice PITNEY, in the case of *Frank* v. *Mangum,* reported in 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969, said:

"As to the 'due process of law' that is required by the Fourteenth Amendment, it is perfectly well settled that a criminal prosecution in the courts of a state, based upon a law not in itself repugnant to the Federal Constitution, and conducted according to the settled course of judicial proceedings as established by the law of the state, so long as it includes notice, and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is 'due process' in the constitutional sense"—citing authorities.

And the court said with reference to proving the conditions surrounding the trial, absence of the defendant when the verdict was rendered, and as to whether or not jurisdiction was lost to receive the verdict and pronounce sentence as follows:

"But it would be clearly erroneous to confine the inquiry to the proceedings and judgment of the trial court. The laws of the state of Georgia (as will appear from decisions elsewhere cited), provide for an appeal in criminal cases to the supreme court of that state upon divers grounds, including such as those upon which it is here as-

serted that the trial court was lacking in jurisdiction. And while the Fourteenth Amendment does not require that a state shall provide for an appellate review in criminal cases (citing authorities) it is perfectly obvious that where such an appeal is provided for, and the prisoner has had the benefit of it, the proceedings in the appellate tribunal are to be regarded as a part of the process of law under which he is held in custody by the state, and to be considered in determining any question of alleged deprivation of his life or liberty contrary to the Fourteenth Amendment. In fact, such questions as are here presented under the due process clause of the Fourteenth Amendment, though sometimes discussed as if involving merely the jurisdiction of some court or other tribunal, in a larger and more accurate sense involve the power and authority of the state itself. The prohibition is addressed to the state; if it be violated, it makes no difference in a court of the United States, by what agency of the state this is done; so, if a violation be threatened by one agency of the state but prevented by another agency of higher authority, there is no violation of the state. It is for the state to determine what courts or other tribunals shall be established for the trial of offenses against its criminal laws, and to define their several jurisdictions and authority as between themselves. And the question whether a state is depriving a prisoner of his liberty without due process of law, where the offense for which he is prosecuted is based upon a law that does no violence to the Federal Constitution, cannot ordinarily be determined, with fairness to the state, *until the conclusion of the court of justice in its courts"* (italics ours) —citing *Virginia* v. *Rives*, 100 U. S. 313, 25 L. Ed. 667; *Civil Rights Cases,* 109 U. S. 3, 11, 3 S. Ct. 18, 27 L. Ed. 835; *McKane* v. *Durston,* 153 U. S. 684, 14 S. Ct. 913, 38 L. Ed. 867; *Dreyer* v. *Illinois,* 187 U. S. 71, 23 S. Ct. 28, 47 L. Ed. 79, 15 Am. Crim. R. 253; *Reetz* v. *Michigan,* 188 U. S. 505, 23 S. Ct. 390, 47 L. Ed. 653; *Carfer* v. *Cald-*

*well,* 200 U. S. 293, 26 S. Ct. 264, 50 L. Ed. 488, 489;
*Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, 107, 29 S.
Ct. 220, 53 L. Ed. 417-428; *Re Frederich,* 149 U. S. 70-
75, 13 S. Ct. 793, 37 L. Ed. 653-656; *Whitten* v. *Tomlinson,*
160 U. S. 231, 242, 16 S. Ct. 297, 40 L. Ed. 406, 412; *Baker*
v. *Grice,* 169 U. S. 284-291, 18 S. Ct. 323, 42 L. Ed.
748-750; *Minnesota* v. *Brundage,* 180 U. S. 499-503,
21 S. Ct. 455, 45 L. Ed. 639-641; *Urquhart* v. *Brown,*
205 U. S. 179, 182, 27 S. Ct. 459, 51 L. Ed. 760-761.

The court there concluded that the Federal court could
not ignore the fact that there had been a fair and im-
partial trial of the case subsequent to the error com-
mitted in the lower tribunal, and the court said further:

"This is not a mere matter of comity, as seems to be
supposed. The rule stands upon a much higher plane,
for it arises out of the very nature and ground of the
inquiry into the proceedings of the state tribunals and
touches closely upon the relations between the state and
the Federal governments."

We think the announcement of the court in the *Frank
case, supra,* is conclusive, convincing, and controlling
here.

However, since the supreme court of the United States
decided the *Tumey case, supra,* DAWSON, District Judge,
in *Ex parte Meeks* (D. C.), 20 F. (2d) 543, with the
Tumey case before him analyzed it as it related to the
proposition there involved, viz., that the defendant, under
the law of Kentucky, had a right to appeal, that he had
open to him procedure which he declined to adopt which
might have accorded him due process of law, and held
that, as he failed to avail himself of such right to appeal
to the state circuit court and have a trial *de novo* through
the above rights of appeal, he could not obtain his re-
lease on a writ of *habeas corpus.* We point to that case
as reflecting our views, and especially the authorities
there cited.

We conclude that the judgment in the justice of the
peace court was voidable; that, under our procedure,

Hitt would not have been entitled to a writ of *habeas corpus* to secure his liberty; that he was awarded due process of law, by which he could secure a rehearing of his case *de novo* in a court of competent jurisdiction, and whatever error was committed by the justice of the peace in his view of the law, or his determination of the facts, was cured by the full, free, fair, and impartial *de novo* trial accorded him in the circuit court.

Under our Constitution and laws, the justice of the peace had jurisdiction of the person of Hitt, and jurisdiction of the subject-matter herein, to determine a misdemeanor case where the sentence imposed by law was fine and imprisonment in the county jail.

It follows that, under the due process of law sections of both state and federal Constitutions, Hitt was deprived of no right accorded him by the law of the land.

*Affirmed.*

ANDERSON, J. (concurring). I concur in the majority opinion upon one ground alone, namely, that the judgment appealed from was a judgment of the circuit court, a court of competent jurisdiction, where appellant received a fair and impartial trial by a court presided over by a disinterested judge; in other words, a court which furnished appellant due process.

I cannot give my assent to the other grounds upon which the majority opinion places the decision of the court. Under the Tumey case, I can see no escape from the conclusion that justices of the peace of this state, sitting for the trial of misdemeanors, are not judicial tribunals, they are not courts under the due process clause of the Fourteenth Amendment to the Federal Constitution. The pittance of the maximum of sixty dollars a year allowed by our statute out of the county treasuries to justices of the peace for their lost costs, does not save them from interest in the result of such prosecutions. It seems to me that this is too apparent to require discus-

sion. And, by the way, that statute is of doubtful validity under section 361 of our Constitution which provides that:

"The expenses of criminal prosecutions, *except those before justices of the peace,* shall be borne by the county in which such prosecutions shall be begun." (Italics mine.)

The majority opinion stresses the fact that, under the laws of this state, a defendant convicted of a misdemeanor before a justice of the peace is entitled to an appeal, without bond, to the circuit court, where he gets a trial *de novo;* but it overlooks the requirement of section 87, Code of 1906 (section 6: Hemingway's 1927 Code), that, in order for a defendan, so convicted to supersede the judgment of the justice of the peace, he must give a *supersedeas* bond. If he fails to give a *supersedeas* bond, he might suffer the full penalty of the law imposed by the justice of the peace before his appeal to the circuit court could be heard. To illustrate: A defendant is convicted in a justice of the peace court of the unlawful sale of intoxicating liquor. The justice of the peace imposes a penalty of ninety days' imprisonment. He appeals to the circuit court, but is unable to give a *supersedeas* bond. The circuit court sits more than ninety days after the judgment of the justice of the peace is rendered. Therefore, before he gets a trial *de novo* in the circuit court, he has been forced to suffer the full penalty of the law. So far as a defendant, so situated, is concerned, he is without remedy. His appeal to the circuit court is fruitless. He has suffered the penalty of the law imposed by a court which, under the Tumey case, failed to furnish him due process.

However, the case here for consideration is not that kind of case. The appellant appealed to the circuit court with *supersedeas.* He did not suffer the penalty of the law imposed upon him by the judgment of the justice of the peace. He was relieved of that by his appeal to the

circuit court with *supersedeas.* It seems, therefore, the fact that the justice of the peace before whom appellant was tried denied him due process was without prejudice to appellant. He was able, by his appeal and *supersedeas* bond, to take his case to a court which did furnish him due process. This view seems to be borne out by the cases of *Frank* v. *Mangum,* 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; and *Ex parte Meeks* (D. C.), 20 F. (2d) 543, which is the decision of a Federal District Court but is a well-reasoned opinion. These authorities seem to justify the conclusion that, if under the judicial system of a state there is provided a court in which a defendant charged with crime is afforded due process, to which he may resort, the requirements of the due process clause of the Fourteenth Amendment to the Federal Constitution are met.

In the consideration of this question, it should be kept in mind that the appellant in this case is not complaining of the judgment of the justice of the peace before whom he was convicted, but of the judgment of the circuit court to which he appealed from that conviction. If he had been unable to supersede the judgment of the justice of the peace, this would have been a very different case.

SMITH, C. J. (specially concurring). The appellant's contention, in substance, is that, the judgment of the court below should be reversed, for the reason that the justice of the peace in whose court the prosecution was begun was disqualified from trying the case, because his compensation for so doing depended on the conviction of the appellant.

This contention rests on section 171 of the state Constitution and the due process clause of the Federal and state Constitutions. Section 171 of the state Constitution provides that:

"No justice of the peace shall preside at the trial of any cause where he may be interested, . . . except by the consent of the justice of the peace and of the parties."

149 Miss.—47.

Leaving out of view section 261 of the state Constitution, which seems to permit the taxing of the fees of a justice of the peace against persons convicted by him of the commission of crime, and assuming that the justice of the peace before whom this prosecution was begun was disqualified from trying the appellant, he cannot now complain thereat, for the reason that he will not, and cannot, be called on to pay the fine, or suffer the imprisonment imposed on him by the justice of the peace. The fine and imprisonment that he will here be called on to pay and suffer were imposed by a court to which he appealed from that of the justice of the peace, presided over by a competent judge, and which determined his guilt or innocence uninfluenced by the judgment of the justice of the peace. Such was not the case in *Tumey* v. *State of Ohio,* 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243.

I am of the opinion that the judgment of the court below should be affirmed.