STATE *v.* DEARMAN.*

(Division A.   Oct. 1, 1928.)

[118 So. 349.   No. 27127.]

———————

*Corpus Juris-Cyc. References:  Criminal Law, 16CJ, section 688, p. 376, n. 69; section 691, p. 377, n. 79.

*J. A. Lauderdale*, Assistant Attorney-General, for the state.

*Robt. L. Bullard,* for appellee.

*J. A. Lauderdale,* Assistant Attorney-General, in reply for the state.

8

PER CURIAM. An affidavit charging the appellant with a misdemeanor was lodged with a justice of the peace, and when the cause came on for trial the appellant objected in writing to his proceeding therewith, on the ground that he was disqualified from trying the appellant, for the reason that it was "to the interest of the said justice of the peace to convict the defendant on account of the fees and costs that may be collected by him from the defendant only in case he convicted the defendant." This motion was overruled by the justice of the peace, and the appellant was convicted of the misdemeanor charged. He appealed to the county court, where he filed a motion to dismiss the case, on the ground that the justice of the peace from whose court it was appealed was disqualified from trying it for the reason hereinbefore set forth. This motion was sustained by the county court, and the case was dismissed. The case was then carried by the state to the circuit court, where the judgment of the county court was affirmed, and the state has brought the case to this court.

The judgment of a justice of the peace in a case in which he is disqualified because of interest therein, under section 165 of the State Constitution, is not void. *Dixon* v. *Rowland,* 143 Miss. 270, 108 So. 807. When such a case is appealed to the county court, that court should try it *de novo* (section 5, chapter 131, Laws 1926, Hemingway's 1927 Code, section 729; section 1, chapter 246, Laws 1924, Hemingway's 1927 Code, section 69, section 86, Code of 1906, Hemingway's 1927 Code, section 66), and the fact that the justice of the peace may have been disqualified from trying it because of interest therein

becomes then of no consequence, for the reasons set forth in *Hitt* v. *State* (Miss.), 115 So. 879.

The judgment of the circuit court affirming the judgment of the county court will be reversed, and the case will be remanded to the circuit court, with direction to reverse the judgment of the county court, and then dispose of the case in accordance with the provisions of section 5, chapter 131, Laws 1926, Hemingway's 1927 Code, section 729.

*Reversed and remanded.*

