OPINION
Plaintiff Robert C. Marks appeals a summary judgment of the Court of Common Pleas of Licking County, Ohio, entered in favor of the defendant, The Kroger Company and the Administrator of Bureau of Workers' Compensation on appellant's claim for compensation. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR
ASSIGNMENTS OF ERROR NO. 1
 THE TRIAL COURT ERRED IN TERMINATING THIS CASE UPON SUMMARY JUDGMENT BECAUSE THE COURT CONCLUDED THAT APPELLANT HAD SATISFIED BOTH THE [SIC] IN THE COURSE OF AND THE ARISING OUT OF PRONGS OF R.C. 4123.01.
ASSIGNMENTS OF ERROR NO. 2
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT WAS REQUIRED TO SATISFY THE SPECIAL HAZARD TEST AFTER THE COURT HAD FOUND THAT HE HAD PRIMA FACIE SATISFIED THE ZONE OF THE EMPLOYMENT TEST.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN FINDING THAT APPELLANT FAILED TO PRIMA FACIE SATISFY THE LORD AND THE SPECIAL HAZARD TESTS.
ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT'S DECISION CONSTITUTES REVERSIBLE ERROR BECAUSE IT VIOLATES THE EQUAL PROTECTION AND THE UNIFORMITY CLAUSES OF THE OHIO CONSTITUTION.
 I, II, and III
The first three assignments of error are so interrelated it is necessary to discuss them together. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably toward the non-movant, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427,433. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. Appellant has failed to comply with our Loc. App. R. 9 (A), regarding an appeal from a summary judgment. However, it is apparent the facts in this case are not in dispute, and the issue is a question of law. The trial court's memorandum decision filed January 25, 1999, sets forth the facts. On April 20, 1997, appellant worked the first shift at the Kroger Store in the Johnstown Village Square Shopping Center. Appellant completed his shift at 3:30 p.m., clocked out, and walked out the front entrance of the store. As appellant began crossing the fire lane in front of the store in the parking lot, he was struck by a vehicle backing up in the fire lane. Appellant sustained injuries to his right hand and his right knee as a result. The shopping center and parking lot are owned by Johnstown Village Square, from whom Kroger leases the premises. Kroger maintains areas for shopping carts in the parking lot, and its employees park in an area of the parking lot to the left of the store, away from the front entrance. The prime parking spaces near the front entrance are reserved for Kroger customers. The lease agreement between Kroger and Johnstown Village Square places responsibility for the operation and maintenance of the parking lot on Johnstown Village Square. However, Kroger possesses some rights with regard to the design of the parking lot, and if Johnstown Village Square failed to properly maintain or operate the parking lot, Kroger may take over the maintenance or operation. The trial court noted there was no evidence regarding whether Kroger ever had to exercise control over the parking lot other than for its own purposes such as cart removal or storage. The trial court discussed the state of Ohio law extensively, and accurately. The trial court enunciated the general rule as contained in the syllabus of MTD Products, Inc. v. Robatin (1991), 61 Ohio St.3d 66. The rule is that an employee with a fixed place of employment, injured while traveling to or from his place of employment, is not entitled to participate in the Workers' Compensation Fund because the requisite causal connection between the injury and the employment does not exist. The trial court also properly identified the exception to the rule as set forth both in MTD Products, supra, and Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117. The exception to the coming and going rule provides a claimant may recover benefits if he or she can establish the relevant injury occurred both in the course of, and arising out of his employment. The trial court found, and we agree, reasonable minds could differ in regard to whether the accident occurred in the course of appellant's employment. In Ruckman, supra, the Supreme Court found an injured worker may be allowed compensation if injured while engaging in activity consistent with the contract for hire and logically related to the employer's business. The court found reasonable minds could find appellant's activity in leaving the store and walking across the fire lane was a requirement of employment because that is the way every employee arrives and leaves the premises. Kroger requires its employees to cross the fire lane in order to retrieve the shopping carts. Finally, the time frame and physical distance are significant because the accident occurred only minutes after appellant clocked out, only a few feet from the front entrance of the store. We agree with the trial court reasonable minds could find a nexus between appellant's activity at work and appellant's activity immediately after work, during which time he was injured. Ruckman, supra, also requires the claimant to show the activity which gave rise to the injury arose out of the claimant's employment. This element is the element of causality. In Lord v. Daugherty (1991),66 Ohio St.2d 441, the Supreme Court enunciated a totality of circumstances test, setting forth factors such as the proximity of the scene of the accident at the place of employment, the degree of control the employer had over the scene of the accident, and the benefit the employer received from its injured employee's presence at the scene of the accident, Ruckman at 122, citing Lord, supra, Fisher v. Mayfield (1990), 49 Ohio St.3d 275. After accurately citing the above law, the court applied the Lord test to the undisputed facts. The court found appellant could not meet the Lord test because although the accident occurred close to the place of employment, Kroger had uncertain control over the parking lot and gained no benefit from appellant being there at the time of the accident. Appellant cites us to Frishkorn v. Flowers (1971), 26 Ohio App.2d 165. In Frishkorn, the employee worked for a grocery store in a shopping center. The court of appeals found where a shopping plaza consists of multiple independent businesses, the concept of control over the parking area is too narrow, restrictive, and outmoded. The court of appeals found the control of the premises test should be evaluated in terms of the control the employer has over the worker's activities in the area where the accident occurred. The court of appeals noted the parking area of the shopping center was an inseparable business component of the shopping center environment where the employer did business. We agree with the Frishkorn court the control of the premises test must be applied in the context of the particular employment setting. We find reasonable minds could differ on whether Kroger had sufficient control over the employees on the premises to meet the Lord test. Finally, in regard to the existence of a causal connection between the injury and a benefit to the employer, we find reasonable minds could differ regarding whether appellant's action of exiting the store to retrieve his automobile from the area where Kroger required him to park, was causally connected to the benefit the employer enjoyed by having appellant present to perform his job. We find reasonable minds could differ regarding whether appellant meets the requirements of the Lord test. The trial court also discussed whether compensation was appropriate under the "zone of employment" exception articulated in Bralley v. Daugherty (1980), 61 Ohio St.2d 302. In Bralley, the Supreme Court noted the traveling to and from rule does not apply when the employee has reached the premises of the employer. When the employee is within the "zone of employment", injuries sustained may or may not be compensable. The Bralley court discussed and attempted to reconcile various cases, some in which employees recovered for their injuries, and some wherein they did not. The Bralley court cited Industrial Commission v. Henry (1932),124 Ohio St. 66, where the court found it appropriate to review the nature of the employment, hours of service, and nature and condition of the premises, the area surrounding the premises, and the natural and ordinary conduct of the persons employed there during working hours, Henry at 620. The Supreme Court later distinguished Henry from Industrial Commission v. Baker (1933),127 Ohio St. 345, because Henry involved a hazard immediately adjacent to the employer's premises, which the employees customarily and with the consent of the employer, encountered during the time of their actual employment. Under the analysis set forth in Bralley, supra, reasonable minds could find appellant had met the "zone of employment" test, as the trial court correctly found. The trial court discussed our recent case of Dillard v. Canton Drop Forge, Inc. (October 6, 1997), Stark App. No. 1997CA00114, unreported, where we found in MTD Product, supra, the Supreme Court held an employee injured while coming or going to work is barred from participation unless he can show his injury occurred both in the "zone of employment" and the employment created a special hazard. The trial court expressed some doubt as to whether Dillard accurately reported what the Ohio Supreme Court intended in "zone of employment" and special hazard cases. Nevertheless, the trial court found it was bound by Dillard, supra, and found although appellant was in the "zone of employment", he faced no special hazard distinctive in nature or quantitatively greater than the risk common to any member of the public crossing the fire lane. In Dillard, we found the injured employee had encountered a special hazard, and was entitled to participate based upon the totality of the circumstances. We find the dicta in Dillard, supra, to be misleading. If an employee is in the "zone of employment", then the employee need not show any special hazard exists contributing to the injury. The special hazard rule is applied when the employee is outside the "zone of employment", but nevertheless encounters a risk either distinctive in nature or qualitatively greater than the risk common to the public. The trial court found Dillard, supra, required a showing of both the "zone of employment", and a special hazard. The court found no genuine issue of material fact regarding the existence of special hazard, and we agree. However, we find Ohio law does not require a showing of both. The first, second, and third assignments of error are sustained.
 IV
In his fourth assignment of error, appellant argues the trial court's decision violated the equal protection and uniformity clauses of the Ohio Constitution. In Dupler v. Mansfield Journal Company (1980), 64 Ohio St.2d 116, the Supreme Court instructed us not to pass on constitutionality issues where the matter may be resolved otherwise. Because we reverse and remand for the reasons stated supra, we find we have no occasion to discuss this assignment of error. The fourth assignment of error is overruled as moot.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Wise, P.J., and Hoffman, J., concur